UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:17-CR-104 |
| | ) | REEVES/GUYTON |
| DUSTIN KENT SMITH, JR. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 5, 2018, Dustin Kent Smith, Jr. entered a plea of guilty to one count of escape from custody, in violation of 18 U.SC. §§ 751(a) and 4802. In advance of Mr. Smith's sentencing, the probation office prepared a Presentence Investigation Report (PSR), which includes a description of certain conduct that Mr. Smith allegedly engaged in while on escape. The PSR notes that Mr. Smith was charged with aggravated assault and aggravated kidnapping in Cocke County, Tennessee, for this alleged conduct, but all charges were dismissed. The probation officer did not consider this alleged conduct or the dismissed charges in calculating Mr. Smith's offense level under the Sentencing Guidelines.

On March 30, 2018, the Government filed a notice of objections to the PSR [D. 21], urging the Court to consider this alleged conduct to apply a five-level enhancement to Mr. Smith's offense level under U.S.S.G. § 2P1.1(b)(1). The Government submitted a manual filing [*see* D. 23], which contains a recorded interview between an investigating officer and Mr. Smith's alleged victim. The Government says that this exhibit provides sufficient evidence to support the Court's finding that Mr. Smith actually engaged in the conduct underlying the dismissed charges in Cocke County. Mr. Smith objects to the Government's exhibit [D. 27] on grounds that its admission into evidence for purposes of enhancing his sentence would violate his Fifth Amendment right to Due Process.

Mr. Smith requests an evidentiary hearing on this matter, and urges the Court not to view the exhibit until after determining its admissibility.

"When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). In resolving the dispute, the Court may consider any relevant information (including testimonial hearsay[1]), so long as the information considered contains "sufficient indicia of reliability to support its probable accuracy." *Id.* In this case, the parties have submitted written statements setting forth their arguments as to whether the evidence should be considered by the Court. The Government says that the proffered evidence is reliable because the video captures physical evidence that corroborates the testimony therein., whereas Mr. Smith says that the statement contains "nothing more than mere allegations." In order to determine the truth of the matter—and thus whether the evidence should be considered or disregarded—the Court first needs to view the exhibit. For this reason, the Court declines to refrain from viewing the video evidence until further argument has been had.

However, the Court finds that Mr. Smith's request for an evidentiary hearing [D. 27] is reasonable, and will be **GRANTED**. The Court will hear arguments as to the admissibility of Government's exhibit during the sentencing hearing on May 14, 2018, prior to ruling on the parties' objections to the PSR.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The Confrontation Clause and the rules of evidence do not apply in sentencing proceedings. *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005); U.S.S.G. § 6A1.3(a).